LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SEVERIANO MARTINEZ and
JOSE ZACARIAS,
*on behalf of themselves and*
*FLSA Collective Plaintiffs,*

       Plaintiffs,

  v.

JOSHES NOSHES, INC. d/b/a
EISENBERG'S SANDWICH SHOP and
JOSHUA KONECKY,

       Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiffs, SEVERIANO MARTINEZ and JOSE ZACARIAS, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, JOSHES NOSHES, INC. d/b/a EISENBERG'S SANDWICH SHOP, and JOSHUA KONECKY (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unlawfully retained tips, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) unlawfully retained tips, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SEVERIANO MARTINEZ, is a resident of Queens County, New York.

6. Plaintiff, JOSE ZACARIAS, is a resident of Queens County, New York.

7. Upon information and belief, Defendant, JOSHES NOSHES, INC. d/b/a EISENBERG'S SANDWICH SHOP, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 174 Fifth Avenue, New York, NY 10010 and an address for service of process located at c/o Estrin & Benn, 225 Broadway, Suite 1200, New York, NY 10007.

8. Upon information and belief, Defendant, JOSHUA KONECKY, is the Chairman or Chief Executive Officer of Defendant, JOSHES NOSHES, INC. d/b/a EISENBERG'S SANDWICH SHOP. JOSHUA KONECKY exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiffs were hired directly by JOSHUA KONECKY.

9. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

10. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

11. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. With respect to tipped employees, Defendants were not entitled to take any tip credits because they failed to meet statutory

requirements under the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

14. In or about 1999, Plaintiff SEVERIANO MARTINEZ was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' restaurant business located at 174 Fifth Avenue, New York, NY 10010.

15. Plaintiff SEVERIANO MARTINEZ worked for Defendants until on or about November 23, 2015.

16. During the employment of Plaintiff SEVERIANO MARTINEZ by Defendants, he worked over forty (40) hours per week.

17. Specifically, from in or about 2010 until in or about 2014, Plaintiff SEVERIANO MARTINEZ worked 7 days a week, for a total of 61.5 hours per week.  From in or about 2014 until the end of his employment, Plaintiff SEVERIANO MARTINEZ worked 6 days a week, for a total of 56.5 hours per week.  Throughout his entire employment, Plaintiff SEVERIANO MARTINEZ received his compensation on a fixed salary basis. From in or about 2010 until in or about November 2013, he was paid $430 per week. From in or about November 2013 until the end of his employment, he was paid $500 per week. There was never any agreement that

Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff SEVERIANO MARTINEZ's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff SEVERIANO MARTINEZ is a non-exempt employee who must be paid on an hourly basis.

18. In or about June 2013, Plaintiff JOSE ZACARIAS was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' restaurant business located at 174 Fifth Avenue, New York, NY 10010.

19. Plaintiff JOSE ZACARIAS worked at JOSHES NOSHES, INC. d/b/a EISENBERG'S SANDWICH SHOP until on or about March 2, 2016.

20. During the employment of Plaintiff JOSE ZACARIAS by Defendants, he worked over forty (40) hours per week. From the beginning of his employment until in or about August 2015, Plaintiff JOSE ZACARIAS worked over ten (10) hours on every Sunday. From in or about August 2015 until the end of his employment, Plaintiff JOSE ZACARIAS worked over ten (10) hours on every Sunday and Saturday.

21. Specifically, from the beginning of his employment until in or about August 2015, Plaintiff JOSE ZACARIAS worked 6 days a week, for a total of 55 hours per week. From in or about August 2015 until the end of his employment, Plaintiff JOSE ZACARIAS worked 7 days a week, for a total of 57 hours per week. From the beginning of his employment until in or about January 2016, Plaintiff JOSE ZACARIAS received an hourly rate of $5.00. From in or about January 2016 until the end of his employment, Plaintiff JOSE ZACARIAS received an hourly rate of $7.25.

22. At all relevant times, Plaintiff JOSE ZACARIAS and FLSA Collective Plaintiffs who were tipped employees were not able to retain all tips received from customers because half of

the tips received for catering events were collected and unlawfully retained by Defendants, without proper notice.

23. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

25. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

27. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

28. Defendants took an improper tip credit with respect to Plaintiff JOSE ZACARIAS and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) maintain a proper tip pool because management participated in the tip pool and (iv) provide proper wage statements to

employees showing deductions for tip credit allowance, as required under New York State law. Defendants also caused Plaintiff JOSE ZACARIAS and other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities. For example, Plaintiff JOSE ZACARIAS was required to accept and unload incoming merchandise and clean the entire restaurant.

29. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiffs reallege and reaver Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

32. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, Defendant, JOSHES NOSHES, INC. d/b/a EISENBERG'S SANDWICH SHOP, had gross revenues in excess of $500,000.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

35. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

36. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

37. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

38. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

40. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

43. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiffs reallege and reaver Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

48. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to him for each workday that exceeded ten (10) or more hours.

49. Defendants knowingly and willfully operated their business with a policy of improperly retaining employees' tips.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

51. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

52. Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

53. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, unlawfully retained tips, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award representing tips illegally retained by Defendants under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

i. An award of statutory penalties, and prejudgment and postjudgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: October 19, 2016

                        Respectfully submitted,

                        LEE LITIGATION GROUP, PLLC
                        C.K. Lee (CL 4086)
                        Anne Seelig (AS 3976)
                        30 East 39th Street, Second Floor
                        New York, NY 10016
                        Tel.: 212-465-1188
                        Fax: 212-465-1181
                        *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:       */s/ C.K. Lee*
          C.K. Lee, Esq. (CL 4086)